## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOHN PAUL JONES, III,

          Appellant,

        v.

DEPARTMENT OF HEALTH AND
  HUMAN SERVICES,

          Agency.

DOCKET NUMBERS
DE-3330-15-0432-I-1
DE-3330-15-0490-I-1

DATE: February 17, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>John Paul Jones, III</u>, Albuquerque, New Mexico, pro se.

<u>Christina Patton Black</u>, and <u>Susan M. Andorfer</u>, Esquire, Washington,
   D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115  (5 C.F.R. § 1201.115).   After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2      In these joined VEOA appeals, the appellant alleged that the agency's Substance Abuse and Mental Health Services Administration violated his veterans' preference rights when it failed to select him for a Supervisor Public Health Advisor position it advertised under both merit promotion procedures and its delegated examining authority.[2]  Initial Appeal File (IAF), Tabs 1, 22, 26.  The administrative judge gave the appellant ample notice of his jurisdictional burden and, after considering the parties' respective submissions, she found jurisdiction over the appeals and denied the appellant's request for corrective action under VEOA because the agency made no selection from the delegated examining

---

[2] The appellant originally filed two separate appeals involving this position, *Jones v. Department of Health & Human Services*, MSPB Docket No. DE-3330-15-0432-I-1, regarding Vacancy Announcement HHS-SAMHSA-DE-15-1308151, which the agency announced under its delegated examining authority, and *Jones v. Department of Health & Human Services*, MSPB Docket No. DE-3330-15-0490-I-1 regarding Vacancy Announcement No. HHS-SAMHSA-MP-15-1308130, which the agency announced under merit promotion procedures.  Citations to the initial appeal file in this decision are to the initial appeal filed in MSPB Docket No. DE-3330-15-0432-I-1.  After MSPB Docket No. DE-3330-15-8490-I-1 was reassigned to her, the administrative judge granted the agency's motion to join the two appeals.  Initial Appeal File (IAF), Tabs 20, 22, 26.

announcement and found him not qualified for the position under the merit promotion vacancy announcement.  IAF, Tab 33, Initial Decision (ID).

¶3        In his timely filed petition for review, the appellant makes general arguments about the recruitment and employment of veterans, Petition for Review (PFR) File, Tab 1 at 4-12, 14-20, but none of his arguments demonstrate that the administrative judge erred in denying the appellant's request for corrective action under VEOA in this instance.  He challenges the agency's consideration of his experience, but other than generally questioning the agency's characterization of his background, he points to no specific evidence showing that the administrative judge erred in her determination, or that he is actually qualified for the position at issue.  *Id.* at 12-13.  The record reflects that he made the same argument in his presentation below.  IAF, Tab 27 at 12.

¶4        Under 5 U.S.C. § 3311(2), a preference eligible like the appellant is entitled to credit for all experience material to the position for which examined, including experience gained in religious, civic, welfare, service, and organizational activities, regardless of whether he received pay therefor.  Nevertheless, under 5 U.S.C. § 3311(2) and 5 C.F.R. § 302.302(d), the Board's role is limited to determining whether the hiring agency improperly omitted, overlooked, or excluded a portion of the appellant's experiences or work history in assessing his qualifications for the vacancy, and the Board will not reevaluate the weight that the agency accorded these experiences in reaching its decision that the appellant was not qualified for the position.  *Miller v. Federal Deposit Insurance Corporation*, 121 M.S.P.R. 88, ¶ 12 (2014).

¶5        As the administrative judge correctly noted, the appellant is entitled to have the agency consider a broad range of experience in reviewing his application, but the weight to which an agency accords any of that experience is not before the Board in a VEOA appeal.  ID at 6.  The appellant fails to show that the agency failed to consider any relevant portion of his experience or that the agency erred in finding that he had "no experience developing or implementing collaborative

programs focused on funding and improving mental health delivery systems. ID at 7-8; IAF, Tab 23 at 71. Accordingly, we deny the appellant's petition for review.[3]

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance

---

[3] The appellant also filed a motion for an interlocutory appeal in which he sought to disqualify the administrative judge. IAF, Tab 32. The administrative judge denied the appellant's motion, IAF, Tab 35, the appellant does not challenge that action on review, and we see no error in the administrative judge's actions with regard to the adjudication of these appeals.

is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____\
William D. Spencer
Clerk of the Board

Washington, D.C.